**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**COLUMBIA DIVISION**

| | |
|---|---|
| ALVIN SEAGROVES, )<br>)<br>　　　Plaintiff, )<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>CORRECTIONS CORPORATION OF )<br>AMERICA (CCA), et al., )<br>)<br>　　　Defendants. ) | CASE NO. 1:11-00035<br>JUDGE TRAUGER/KNOWLES<br><br>JURY TRIAL DEMANDED |

## REPORT AND RECOMMENDATION

This is a pro se action filed by the inmate in the custody of the Tennessee Department of Correction. Docket No. 1. Plaintiff generally alleges that he was provided inadequate medical care, which resulted in the amputation of his right heel. He avers that the amputation has resulted in a loss of mobility and permanent disability. He avers that he is entitled to "just compensation from the Defendants . . . ."

With his Complaint, Plaintiff submitted a "Uniform Affidavit of Indigency" (Docket No. 2), which the Court construed as an application to proceed in forma pauperis. Docket No. 3. That application was granted on May 26, 2011. Later that same day, Plaintiff filed a document headed "Application to Proceed In Forma Pauperis With Supporting Documentation." Docket No. 5. (Plaintiff had mailed the Application before the entry of the Court's May 26 Order.)

Proceedings in forma pauperis are governed in part by 28 U.S.C. § 1915, which provides in relevant part as follows:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Even though § 1915(g) was not effective until April 26, 1996, lawsuits dismissed on any of the three statutory grounds prior to that date count as "strikes" under this "three strikes" provision. *See Wilson v. Yaklich,* 148 F.3d 596, 603-04 (6th Cir. 1998). **Moore's Federal Practice 3d** § 4.40[2][b][i], p. 4-63.

The Court takes judicial notice of 3 prior actions brought by Plaintiff in this Court, while he was incarcerated or detained in a facility, that were dismissed on grounds that they were frivolous or failed to state a claim upon which relief could be granted. *See Seagroves v. Traughber, et al.,* No. 3:93-00960 (dismissed as frivolous on November 22, 1993); *Seagroves v. Biggs, et al.*, No. 3:94-00214 (dismissed as frivolous on March 24, 1994); and *Seagroves v. Tennessee Board of Probation and Parole, et al.,* No. 3:01-01288 (dismissed for failure to state a claim on March 24, 2003). Plaintiff appealed Case No. 3:01-01288, but the Sixth Circuit affirmed the decision of the District Court. *See Seagroves v. Tennessee Board of Probation & Parole,* 86 Fed. Appx. 45 (6th Cir. 2003).[1]

In the case at bar, Plaintiff has not averred that he "is under imminent danger of serious physical injury."

---

[1] The Sixth Circuit's affirmance in Case No. 3:01-01288 also counts as a separate strike. *See Boles v. Matthews*, 1999 WL 183472 (6th Cir.) (implicitly recognizing that appeals dismissed on grounds set forth in § 1915(g) count as strikes); *Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996); *Newlin v. Helman,* 123 F.3d 429, 433 (7th Cir. 1997).

For the foregoing reasons, Plaintiff cannot proceed in forma pauperis in the instant action. Therefore, the undersigned recommends that the portion of the Court's previous Order entered May 26, 2011 (Docket No. 3) that granted Plaintiff's application to proceed in forma pauperis be VACATED and that Plaintiff's "Application to Proceed In Forma Pauperis With Supporting Documentation" (Docket No. 5) be DENIED. The undersigned further recommends that this action be DISMISSED unless Plaintiff pays the full civil filing fee.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

E. Clifton Knowles
United States Magistrate Judge