UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION


ALVIN SEAGROVES                    ]
     Plaintiff,                    ]
                                   ]
v.                                 ]        No. 1:11-0035
                                   ]        Judge Trauger
CORRECTIONS CORPORATION OF         ]
AMERICA, et al.                    ]
     Defendants.                   ]



<u>O R D E R</u>


On May 26, 2011, an order (Docket Entry No.3) was entered granting the prisoner plaintiff pauper status and referring this action to the Magistrate Judge for further proceedings.

The Court has before it the Magistrate Judge's Report and Recommendation (Docket Entry No.6) in which he urges the Court to vacate that part of the referral order granting the plaintiff pauper status. The plaintiff has filed timely objections (Docket Entry No.13) to the Report and Recommendation.

In his complaint, the plaintiff avers that he had not filed any other lawsuits previously in federal court. Docket Entry No.1 at pg.2. The Magistrate Judge, however, found that to be a misstatement of the facts. He cites in the Report and Recommendation three actions filed by the plaintiff in federal court that were dismissed for being either frivolous or for failure to state a claim. In the absence of any showing of imminent danger

of serious physical injury, the Magistrate Judge asserts that the plaintiff is barred by statute from proceeding in this matter as a pauper. 28 U.S.C. § 1915(g).

In his objections, the plaintiff does not allege that the Magistrate Judge misidentified prior filings as "strikes". Rather, he claims that he has shown an imminent danger of serious physical injury, an exception that would allow the plaintiff to proceed as a pauper.

In order to make a sufficient showing of imminent danger, the plaintiff must demonstrate "any immediate or specific danger of future serious physical injury." <u>Davis v. Cook</u>, 2001 U.S. App. LEXIS 2491 (6th Cir; 2/7/01); <u>Reid v. Tirey</u>, 1998 U.S. App. LEXIS 31758 (6th Cir.; 12/17/98). The plaintiff's claim of imminent danger is predicated upon the defendants' failure to provide him with adequate medical care. The defendants allegedly denied him that care while was an inmate at the South Central Correctional Center. The plaintiff, however, has not been an inmate at that facility since May 23, 2010. Docket Entry No.1 at pg.7. He does not claim that he is being denied medical care at his present place of confinement. Therefore, the plaintiff has failed to demonstrate an imminent danger of serious physical injury.

The Court finds no merit in the plaintiff's objections and they are OVERRULED. The Magistrate Judge's Report and Recommendation is ADOPTED and APPROVED. The previous order (Docket Entry No.3) of this Court is VACATED to the extent that the

plaintiff was granted pauper status. His current pending application (Docket Entry No.5) to proceed in forma pauperis is hereby DENIED.

The plaintiff is GRANTED thirty (30) days from the date of entry of this order on the docket in which to remit the full filing fee of three hundred fifty dollars ($350.00). <u>In re Alea</u>, 286 F.3d 378, 382 (6th Cir. 2002). The plaintiff is forewarned that, should he fail to comply with the instructions of the Court, the full amount of the filing fee will be assessed against him and collected from his inmate trust account, and this action will be dismissed for want of prosecution.[1] *Id.*

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge

---

[1] After entry of the Report and Recommendation but before filing his objections, the plaintiff submitted a Motion to Amend (Docket Entry No.11) the complaint with an allegation of imminent danger. Because the Motion was unsigned, the Magistrate Judge ordered its return to the plaintiff for signature. *See* Docket Entry No.14. The Motion has not yet been returned and was not considered with the plaintiff's objections. Rule 11(a), Fed.R.Civ.P. Nevertheless, had the Motion been signed and returned, it adds nothing that would change the conclusion reached by the Court.