IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ALVIN SEAGROVES,                              )
                                              )
       Plaintiff,                        )
                                              )
                                              )
vs.                                           )        CASE NO. 1:11-00035
                                              )        JUDGE TRAUGER/KNOWLES
                                              )
                                              )
CORRECTIONS CORPORATION OF                    )
AMERICA (CCA), et al.,                        )
                                              )
       Defendants.                       )

# REPORT AND RECOMMENDATION

On May 27, 2011, the undersigned submitted a Report and Recommendation recommending that this action be dismissed unless Plaintiff paid the full civil filing fee. Docket No. 6. The undersigned noted that Plaintiff had brought three prior actions in this Court, while he was incarcerated or detained in a facility, that were dismissed on grounds that they were frivolous or failed to state a claim upon which relief could be granted. *Id*., p. 2. That being the case, Plaintiff was not entitled to file this action in forma pauperis under 28 U.S.C. § 1915(g) unless he was "under imminent danger of serious physical injury," which he had not alleged.

On June 14, 2011, Plaintiff submitted an unsigned "Motion to Amend Complaint to Aver Imminent Danger of Serious Physical Injury." Docket No. 20.

On June 17, 2011, Plaintiff filed objections to the undersigned's Report and Recommendation. The basis for Plaintiff's objections was the fact that he had filed a Motion to Amend his Complaint. Plaintiff's objections stated in part as follows:

> 6.) On June 10, 2011, Plaintiff filed his Motion to Amend Complaint, (D.E. #7);
>
> . . .
>
> 9.) Plaintiff submits that had he averred, in his original complaint, that he "is under imminent danger of serious physical injury," the Court would have been authorized to consider and accept his allegations under the provisions of 28 U.S.C. § 1915(g);
>
> 10.) Plaintiff submits that his Motion to Amend Complaint should be considered as if filed contemporaneously with the original complaint;
>
> 11.) Plaintiff submits that the Court should grant Plaintiff's Motion to Amend Complaint and Plaintiff's Motion to Proceed In Forma Pauperis, based upon the Motion to Amend the Complaint and allow Plaintiff to proceed with discovery at this time;
>
> 12.) Plaintiff submits that his present physical and mental conditions are the direct result of the "serious injury" Plaintiff received at the hands of the Defendant [*sic*]. Plaintiff further affirmatively states that unless he is allowed to proceed with the instant lawsuit he will again be placed under "imminent danger of serius [*sic*] physical harm and/or death" at the hands of the Defendant )CCA). . . .

On June 24, 2011, the undersigned entered an Order noting that Plaintiff's "Motion to Amend Complaint" (Docket No. 11) did contain a signature nor did it contain a Certificate of Service. Docket No. 14. That Order stated in relevant part, "Pursuant to Fed. R. Civ. P. 11(a), the Court will strike the Motion unless this omission is promptly corrected." *Id.*

On July 1, 2011, Judge Trauger entered an Order addressing the Report and Recommendation and Plaintiff's objections. Docket No. 16. Judge Trauger overruled Plaintiff's objections, and adopted and approved the Report and Recommendation. *Id.* That Order stated in relevant part as follows:

> In order to make a sufficient showing of imminent danger, the plaintiff must demonstrate "any immediate or specific danger of

2

> future serious injury." . . . The plaintiff's claim of imminent danger is predicated upon the defendants' failure to provide him with adequate medical care. The defendants allegedly denied him that care while he was an inmate at the South Central Correctional Center. The plaintiff, however, has not been an inmate at that facility since May 23, 2010. . . . He does not claim that he is being denied medical care at his present place of confinement. Therefore, the plaintiff has failed to demonstrate an imminent danger of serious physical injury.

Docket No. 16, p. 2 (citations omitted).

Judge Trauger's Order also included the following footnote:

> After entry of the Report and Recommendation but before filing his objections, the plaintiff submitted a Motion to Amend (Docket Entry No. 11) the complaint with an allegation of imminent danger. Because the Motion was unsigned, the Magistrate Judge ordered its return to the plaintiff for signature. *See Docket Entry No. 14.* The Motion has not yet been returned and was not considered with the plaintiff's objections. Rule 11(a), Fed. R. Civ. P. *Nevertheless, had the Motion been signed and returned, it adds nothing that would change the conclusion reached by the Court.*

Docket No. 16, p. 3 (emphasis added).

On July 6, 2011, Plaintiff resubmitted his "Motion to Amend" with a signature. Docket No. 20. The text of the signed Motion is identical to the text of the unsigned Motion.

Plaintiff's Motion to Amend (Docket No. 11) should be DENIED, because it is futile. *See Foman v. Davis,* 371 U.S. 178 (1962). Moreover, Plaintiff has offered no factual support for the legal conclusion that "unless he is allowed to proceed with the instant lawsuit he will again be placed under 'imminent danger of serius [*sic*] physical harm and/or death at the hands of the defendant )CCA). . . . ." *See Ashcroft v. Iqbal,* 129 S.Ct. 1937, 173 L. Ed. 2d 868 (2009).

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to

3

this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. Clifton Knowles
United States Magistrate Judge