IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ALVIN SEAGROVES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 1:11-CV-00035 |
| vs. ) | JUDGE TRAUGER/KNOWLES |
| ) | |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA; UNKNOWN MEDICAL DOCTOR ) | |
| FOR CCA, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court upon Defendant CCA's Motion to Dismiss. Docket No. 42. Defendant CCA moves to dismiss Plaintiff's Complaint as to any unidentified medical doctor for Plaintiff's failure to state a claim upon which relief can be granted. *Id.* Defendant argues that "a claim naming a 'John Doe' Defendant does not commence an action," and therefore, that to the extent that Plaintiff seeks to bring a viable claim against an unnamed and unidentified medical doctor employed by CCA, that claim should be dismissed. *Id.*

Defendant also argues that, should Plaintiff wish to bring a claim against the unnamed and unidentified medical doctor, he must have identified this party and filed a new lawsuit within the one year statute of limitations applicable under 42 U.S.C. §1983. *Id.* Defendant contends that because no action has been commenced against this "John Doe" Defendant within the applicable one year statute of limitations, a subsequent amendment identifying the Defendant

1

could not relate back under Fed. R. Civ. P. 15. *Id.* In the case at bar, Plaintiff avers that he did not receive appropriate diabetic medical treatment between April 15, 2010 and May 23, 2010, resulting in the amputation of his right heel. Docket No. 1. Defendant contends that since the applicable one year statute of limitations has run, any attempt by Plaintiff to identify the unnamed and unidentified medical doctor and bring a new suit against him would be barred by the statute of limitations. Docket No. 42. Thus, Defendant CCA argues that Plaintiff's claims against the unnamed and unidentified medical doctor of CCA should be dismissed.[1] *Id.*

Plaintiff has not responded to the instant Motion.

In the case at bar, Plaintiff alleges that Defendants violated his Eighth Amendment rights pursuant to 42. U.S.C. § 1983. Docket No. 1. Plaintiff sues CCA and an unnamed, unidentified "staff medical doctor at the SCCF prison in Clifton, Tennessee, from February 18, 2010 through May 23, 2010 for denial of adequate medical treatment." *Id.* As noted above, Plaintiff avers that he did not receive appropriate diabetic medical treatment between April 15, 2010 and May 23, 2010, resulting in the amputation of his right heel. *Id.*

Defendant is correct that there is a one year statute of limitations on cases alleging civil rights violations pursuant to 42. U.S.C. § 1983. *See, e.g.,* T.C.A. § 28-3-104; *Wright v. State of TN*, 628 F.2d 949, 951 (6th Cir. 1980). As discussed, the events of which Plaintiff complains occurred in April and May of 2010. *See* Docket No. 1. Plaintiff filed his Complaint in this action on May 23, 2011. *Id.* Defendant doctor is unnamed and unidentified in Plaintiff's Complaint, and remains so today.

The record reflects that a summons was issued to "Dr. John Doe" at South Central

---

[1]Defendant CCA is not seeking dismissal of Plaintiff's claims against itself.

Correctional Facility on December 17, 2011.  Docket No. 43.  That summons was signed for by "Lineberry" who is indicated to be an "agent." *Id.*  There is no indication in the record that "Dr. John Doe" has ever been identified or notified that he was being sued.

Under the circumstances present in the case at bar, allowing this action to proceed against the unnamed, unidentified "staff medical doctor at the SCCF prison in Clifton, Tennessee" would be futile, and the undersigned recommends that Defendant's "Motion to Dismiss 'Unknown Medical Doctor for CCA'" be GRANTED.  Plaintiff's claims against Defendant CCA should proceed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court.  Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections.  Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation.  *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge