UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

ALVIN SEAGROVES             ]
    Plaintiff,             ]
                            ]
v.                          ]      No. 1:11-0035
                            ]      Judge Trauger
CORRECTIONS CORPORATION OF  ]
AMERICA, et al.             ]
    Defendants.            ]

## M E M O R A N D U M

The Court has before it a Motion to Dismiss (Docket Entry No.42), a Report and Recommendation (Docket Entry No.58) from the Magistrate Judge addressing the Motion, plaintiff's timely Objections (Docket Entry No.60) to the Report and Recommendation, and defendant's Response (Docket Entry No.61) to the plaintiff's Objections.

Having reviewed the pleadings and the Report and Recommendation *de novo*, the Court finds that the plaintiff's Objections lack merit.

The plaintiff filed this action on May 23, 2011, alleging that he did not receive adequate medical care for a diabetic condition, resulting in the amputation of his right heal. Docket Entry No.1 at pgs.6-7.

The Motion to Dismiss was filed by counsel for the Corrections Corporation of America (CCA) on behalf of the unnamed CCA doctor

listed in the complaint as a defendant.[1] According to the Motion, the plaintiff has failed to state a claim against the John Doe defendant. Moreover, should the plaintiff later attempt an amendment identifying the John Doe doctor, such an amendment would not relate back to the filing of the complaint, rendering the amendment untimely. The plaintiff did not respond to the defendant's Motion to Dismiss.

The Magistrate Judge has concluded that, because the John Doe doctor has remained unidentified for more than one year after the filing of the complaint, "allowing this action to proceed against the unnamed, unidentified 'staff medical doctor at the SCCF prison in Clifton, Tennessee' would be futile." Docket Entry No.58 at pg.3.

The plaintiff objects to the Magistrate Judge's conclusion by arguing that the Corrections Corporation of America has no standing to seek the dismissal of the claims against the John Doe doctor. This position, however, ignores the fact that the Court is obliged at any time to dismiss, *sua sponte* if necessary, any part of a prisoner's complaint against a governmental entity for failure to state a claim upon which relief can be granted.[2] 28 U.S.C. § 1915A. As a consequence, plaintiff's objections have no merit.

---

[1] The Motion does not seek the dismissal of any claims made against CCA.

[2] Since the defendants employed by CCA "were performing the traditional state function of operating a prison", their conduct is fairly attributable to the state. <u>Street v. Corrections Corporation of America</u>, 102 F.3d 810,814 (6th Cir.1996).

Because the plaintiff's Objections have no merit, the Court shall adopt and approve the Report and Recommendation in full. The dismissal of the claims against the John Doe doctor, however, shall be without prejudice, so as to allow the plaintiff an opportunity to show whether these claims relate back to the filing of the complaint should he later identify this defendant.[3]

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge

---

[3] The Court notes that discovery in this action has not yet concluded. *See* Docket Entry No.49.